IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ERIC T.,**[1]<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION**,<br><br>　　　　Defendant. | Case No. 3:23-cv-00542-IM<br><br>**OPINION AND ORDER AFFIRMING THE COMMISSIONER OF SOCIAL SECURITY'S DENIAL OF PLAINTIFF'S APPLICATION** |

H. Peter Evans, Evans & Evans, PC, 222 NE Park Plaza Drive, Suite 113, Vancouver, WA 98684. Attorney for Plaintiff.

Natalie K. Wight, United States Attorney, and Kevin C. Danielson, Assistant United States Attorney, United States Attorney's Office, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Julie A.K. Cummings, Special Assistant United States Attorney, Office of Program Litigation, Office 7, Office of General Counsel, Social Security Administration, 6401 Security Boulevard, Baltimore, MD 21235. Attorneys for Defendant.

**IMMERGUT, District Judge**

　　Plaintiff Eric T. seeks review under 42 U.S.C. § 405(g) of the final decision of the

Commissioner of the Social Security Administration denying his application for Disability

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

PAGE 1 – OPINION AND ORDER AFFIRMING THE COMMISSIONER'S DECISION

Insurance Benefits ("DIB") pursuant to the Social Security Act. Specifically, Plaintiff challenges the evidence on which the Administrative Law Judge ("ALJ") relied in determining his "residual functional capacity" ("RFC"). For the reasons below, this Court AFFIRMS the Commissioner's decision.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039). "This is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

If the evidence is "susceptible to more than one rational interpretation," the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004) (citation omitted). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation marks omitted) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). A reviewing court, however, may not affirm the Commissioner on a ground on which the Commissioner did not rely. *Id.* (citation omitted).

PAGE 2 – OPINION AND ORDER AFFIRMING THE COMMISSIONER'S DECISION

BACKGROUND

A. **Plaintiff's Application Process**

Plaintiff was born on May 10, 1982. AR 78. Plaintiff applied for DIB on August 26, 2020, alleging disability due to a seizure disorder and mental impairments since July 15, 2020 at which time he was thirty-eight years old. AR 78–79. Plaintiff's application was denied both initially and on reconsideration. AR 103–05, 113–17. Plaintiff then requested a hearing, and he appeared with counsel at an administrative hearing on February 2, 2022 before ALJ Vadim Mozyrsky. AR 30. On March 28, 2022, the ALJ issued an unfavorable decision. AR 10–12. Plaintiff timely requested review of the ALJ's decision by the SSA's Appeals Council, but the Appeals Council denied the request on March 7, 2023. AR 1.

B. **The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (Social Security Insurance); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). As relevant here, step three asks:

> Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This

PAGE 3 – OPINION AND ORDER AFFIRMING THE COMMISSIONER'S DECISION

> is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e), 416.945(b)–(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001). The claimant bears the burden of proof at step three. *Bustamante*, 262 F.3d at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

## C. The ALJ's Decision

At step three, the ALJ found that Plaintiff had the RFC "to perform a full range of work at all exertional levels but with . . . non-exertional limitations." AR 18. Under the ALJ's RFC, Plaintiff would be "precluded from climbing ladders and scaffolds," "precluded from working around work hazards," "limited to performing simple routine and repetitive tasks for up to 2 hours at a time with normal work breaks," "limited to performing 1–2 step instructions," "limited to incidental contact with coworkers and [the] public," and placed in a situation with "few changes in a routine work environment (defined as . . . routine tasks in the same work setting from one day to the next)." AR 18.

In reaching this conclusion, the ALJ recounted Plaintiff's lengthy subjective symptom testimony about his history of seizures and mental impairments. AR 19. The ALJ explained that although "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms . . . [,] the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." AR 20. Thereafter, the ALJ evaluated testimony and a letter provided by Plaintiff's wife, and the ALJ found "the statements of [Plaintiff's wife] to be

PAGE 4 – OPINION AND ORDER AFFIRMING THE COMMISSIONER'S DECISION

unpersuasive" because "she provided little analysis to support the severity of her statements" and provided statements "inconsistent with the medical evidence of record." AR 23.

## DISCUSSION

Plaintiff mounts two challenges to the ALJ's RFC determination. According to Plaintiff, the ALJ improperly discounted (A) Plaintiff's subjective symptom testimony and (B) the letter written by Plaintiff's wife. For the reasons below, this Court affirms the ALJ's decision.

### A. The ALJ Gave a Clear and Convincing Explanation for Why He Partially Discounted Plaintiff's Symptom Testimony

An ALJ must consider "whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between [a claimant's] statements and the rest of the evidence, including [the claimant's] history, the signs and laboratory findings, and statements by [] medical sources or other persons about how [the claimant's] symptoms affect [them]." 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4). In short, "[c]ontradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citation omitted). In discounting the claimant's testimony, however, the ALJ must offer "specific, clear and convincing reasons for doing so." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (citation omitted). "The standard isn't whether [the] court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

In accord with this standard, the ALJ provided clear and convincing reasons for discounting Plaintiff's subjective symptom testimony about (1) his seizure disorder and (2) his mental impairments. The sections below address each in sequence.

### 1. The ALJ's Rationale for Partially Discounting Plaintiff's Subjective Testimony About his Seizures Is Clear and Convincing

To begin with, as the ALJ observed, Plaintiff's testimony had inconsistencies with the medical record. *See id.* at 498 ("When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." (emphasis omitted)). Plaintiff's OHSU records from July and November 2021 indicate that Plaintiff denied having any grand mal seizures since mid to late 2020, *see* AR 20, 679, 719—directly contradicting Plaintiff's and his wife's allegations that he had suffered a seizure in July 2021 and that the grand mal seizures were recurring with increasing severity and frequency since late 2019, *see* AR 19, 47–48, 495.[2] *See also Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (explaining that in weighing a plaintiff's subjective symptom testimony, "[t]he ALJ may consider . . . the claimant's . . . prior inconsistent statements"). OHSU records show, too, that Plaintiff's grand mal seizures were controllable through anti-epileptic drug therapy. AR 20, 722; *see also Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." (citation omitted)). Finally, EEG and MRI scans of Plaintiff's brain did not show clear abnormalities, though they did corroborate the existence of a seizure disorder. AR 20, 620, 623, 681, 721–22.

Moreover, Plaintiff's activities during the period he alleges to have suffered debilitating seizures suggest that Plaintiff could still engage in employment activities. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("The ALJ was permitted to consider daily living activities in

---

[2] In response, Plaintiff stresses that Plaintiff has had other grand mal seizures at other times, Plaintiff's Opening Brief ("Pl.'s Br."), ECF 8 at 16, but this does not address the inconsistency between Plaintiff's medical records nor Plaintiff's testimony regarding the frequency of grand mal seizures.

his credibility analysis."). During the period of 2019–2020, Plaintiff reported that the frequency of his seizures increased, yet as the ALJ observed, Plaintiff held jobs during this period including as a special education teacher and as a construction worker—thus indicating that Plaintiff could perform some work with limitations. *See* AR 20, 274–87. And in July 2021, Plaintiff suffered from some seizures, but he was capable of caring for his daughter at home and driving. AR 20, 680. In apparent recognition of this fact, Plaintiff himself said he hoped to return to work in the Fall of 2021. AR 20, 680; *see Molina v. Astrue*, 674 F.3d 1104, 1112–13 (9th Cir. 2012) ("Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." (citation omitted)), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

In sum, the ALJ provided a sufficient rationale for crediting Plaintiff's testimony about the existence of a seizure disorder and for discounting that testimony to the extent that Plaintiff alleged that the disorder was debilitating to the point that he could not perform "*any* substantial gainful activity." 42 U.S.C. § 423(d)(1)(A) (emphasis added).

**B. The ALJ's Rationale for Partially Discounting Plaintiff's Subjective Testimony Regarding his Mental Impairment Is Clear and Convincing**

As with Plaintiff's testimony about his physical impairments, the ALJ sufficiently explained why he partially discounted Plaintiff's testimony regarding his mental impairments. Again, the ALJ did not wholly discount Plaintiff's testimony: the ALJ "accounted for the claimant's mental impairment by limiting him to simple routine tasks that involve 1–2 step instructions with additional social interaction and work environment restrictions." AR 21.

As the ALJ recognized, the objective medical record from 2021 indicates that Plaintiff's mental impairment was not debilitating. *See* AR 21. Plaintiff was diagnosed with a mild anxiety disorder. AR 21, 749. At a January 11, 2021 evaluation, Plaintiff appeared "[a]lert and oriented"

PAGE 7 – OPINION AND ORDER AFFIRMING THE COMMISSIONER'S DECISION

with his "comprehension intact" and his "[f]und of knowledge appropriate for [his] educational level." AR 499. At a March 18, 2021 evaluation, Plaintiff was "cooperative," "attentive," and "in no acute distress" as well as "[o]riented to time, place and person." AR 641. During a July 2021 examination, Dr. Tyler Duffield, Ph.D., observed that Plaintiff provided on-topic responses to questions and showed linear and goal-directed thought processes. AR 696. Though Plaintiff required a one-hour break and showed some signs of impaired memory recall, he could recall eight digits forward and six digits backward and also demonstrated the ability to express his thoughts orally. AR 696–98. And in August 2021, Plaintiff reported as side effects "some fatigue and daytime somnolence" as well as irritability and a short temper. AR 21, 729. Further, Plaintiff's treatment provider noted that Plaintiff was tolerating his medications reasonably well, despite their side effects.[3] AR 21, 713.

In total, the objective medical evidence undercuts a finding of total mental debilitation. Rather, the evidence supports a restrictive RFC, which the ALJ indeed imposed.

* * *

To sum up: "the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citation omitted). The ALJ "cited specific, clear, and convincing examples across a multi-year period contrasting [Plaintiff's] subjective [symptom] testimony with objective medical evidence"—thus satisfying this Court's review. *Smartt*, 53 F.4th at 499.

---

[3] Plaintiff argues that the ALJ cherry-picked evidence of Plaintiff's tolerance of his medications and their side effects, but Plaintiff's citations to the record of "severe side effects" in fact largely refer to Plaintiff's pre-2020 sensitivity to certain medications. *See* Pl.'s Br., ECF 8 at 17 (citing medical reports); *see also, e.g.*, AR 680, 730 (discussing prior seizure medical trials). None of these citations, moreover, refer to debilitating side effects. *See, e.g.*, AR 734 (stating that Plaintiff "is bothered some by fatigue and irritability as possible side effects").

PAGE 8 – OPINION AND ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff repeatedly accuses the ALJ of "rejecting" his testimony, *see* Pl.'s Br., ECF 8 at 6, 8, 10, 16, but this is an inaccurate portrayal of the ALJ's findings. The ALJ discounted Plaintiff's subjective testimony *only* to the extent that it suggested that he suffered from a totally debilitating disability.

## C. The ALJ Committed Harmless Error in Discounting the Letter Submitted by Plaintiff's Wife

Plaintiff contends that the ALJ improperly found unpersuasive a letter submitted by Plaintiff's wife which primarily discusses Plaintiff's mental impairments. Pl.'s Br., ECF 8 at 4–6. In Plaintiff's telling, the ALJ failed to provide "specific or germane" reasons for rejecting the testimony contained in this letter. *Id.* at 5. Rejecting the very premise of Plaintiff's argument, the Commissioner responds that the ALJ "was not required to even discuss" the letter under current SSA regulations. SSA Response, ECF 12 at 11. This debate over whether ALJs must provide "germane" reasons for rejecting lay testimony remains unresolved by the Ninth Circuit. *See Sharon W. v. Kijakazi*, Case No. 1:22-cv-00013-DKG, 2023 WL 246391, at *7 (D. Idaho Jan. 18, 2023) ("The Ninth Circuit has not yet addressed whether the revised [SSA] regulations change the requirement for germane reasons to discount lay witness testimony.").

This Court need not resolve that debate. Even assuming that the "germane" reasons requirement applies here and that the ALJ violated it, the ALJ committed harmless error because his reasons for rejecting Plaintiff's subjective testimony apply with equal force to the testimony provided by Plaintiff's wife. With regard to Plaintiff's symptoms, Plaintiff's wife wrote that Plaintiff's medications "had plenty of side effects including . . . personality changes, memory impairment, and sleep deprivation." AR 332. As a result, she says, Plaintiff is often "depressed," "has a hard time remembering past events," and "gets extremely anxious if plans change or if a specific routine has to be altered." AR 333.

PAGE 9 – OPINION AND ORDER AFFIRMING THE COMMISSIONER'S DECISION

As the ALJ reasoned, however, the objective medical evidence undermines assertions that Plaintiff's mental impairments are totally debilitating and that he is unable to work pursuant to a restrictive RFC. *See supra* at 5–8; AR 20–21. That is sufficient for the harmless error doctrine to apply here.[4] *See, e.g.*, *Stephens v. Kijakazi*, No. 22-35998, 2023 WL 6937296, at *2 (9th Cir. Oct. 20, 2023) (holding that "any error in not addressing . . . lay witnesses' testimony was harmless" because the witnesses "provided statements that were similar to [the applicant's] subjective complaints, which the ALJ reasonably rejected"); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (holding that when "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints," "it follows that the ALJ also gave germane reasons for rejecting [lay witness] testimony" that "was similar to such complaints"). As the Ninth Circuit summarized in *Molina*, 674 F.3d at 1122: "Although the ALJ erred in failing to give germane reasons for rejecting the lay witness testimony, such error was harmless given that the lay testimony described the same limitations as [the applicant's] own testimony, and the ALJ's reasons for rejecting [the applicant's] testimony apply with equal force to the lay testimony."

## CONCLUSION

This Court AFFIRMS the Commissioner's decision denying Plaintiff's DIB application.

**IT IS SO ORDERED**.

DATED this 18th day of March, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

---

[4] Furthermore, as noted above, Plaintiff's wife testified at the hearing before the ALJ that Plaintiff suffered a grand mal seizure in July 2021 when the medical record says otherwise. *Supra* at 6.